Conway v. Kennedy.

## City Court.

### Trial Term—March, 1886.

## DELIA C. CONWAY against FRANK J. KENNEDY.

Where a marshal under a warrant in summary proceedings puts goods out of the premises upon the public sidewalk, the landlord is not responsible for what becomes of them. If, however, the landlord takes the goods into his cellar, he becomes a gratuitous bailee and cannot legally refuse to give up the goods until the back rents and costs are paid. Such a refusal constitutes a conversion.

It appeared that Mrs. Conway, a widow, occupied a tenement at No. 248 Elizabeth street, and that she disappeared early in April, 1885, leaving the April rent unpaid.

The landlord commenced summary proceedings, obtained judgment, and the marshal under warrant put the landlord in possession. Instead of putting the tenant's goods on the sidewalk they were put in the cellar. Mrs. Conway came back to the premises in May, having, as it appeared, been in Charity Hospital since her disappearance in April. She demanded her property, and the landlord refused to give it up unless she paid $10, the rent due. He finally consented to take $5, but Mrs. Conway refused to pay anything. She thereupon sued Kennedy for $150 as the value of the property detained, on the theory of conversion.

Chief Justice McAdam charged the jury that if the marshal had put the plaintiff's property upon the sidewalk there would have been no cause of action against the landlord, no matter what became of the goods afterward, because they were removed by act of the law. But the landlord did not do this. He kindly took the property into his cellar, and thereby became what the law terms a gratuitous bailee. The plaintiff was not obliged to pay the landlord anything for taking care of her goods, for she never requested him to take care of them. The law gives the landlord no lien on his tenant's goods for rent or such like charges, so that the landlord, by refusing to give up the goods unless certain illegal conditions which he imposed were complied with, committed an act which amounted in law to a conversion of the property, and made the landlord liable for its value.

The jury awarded the plaintiff $85.